```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION
```

THOMAS MATTHEW ROSE                                      PLAINTIFF

v.                          Case No. 06-2001

CITY OF MULBERRY, ARKANSAS;
JEFF MARVIN, in his capacity as
Mayor of Mulberry, Arkansas; JEFF
BROWN, Chief of Police of the City of
Mulberry, Arkansas; JACK STEWART, Alderman,
City of Mulberry, Arkansas; RAYLENE ADAMS,
Alderman, City of Mulberry, Arkansas; DOTTIE
GOODNOH, Alderman, City of Mulberry, Arkansas;
LARRY STARKEY, Alderman, City of Mulberry,
Arkansas; DAVID MOODY, Alderman, City of
Mulberry, Arkansas; BETTY BOWLIN, Alderman,
City of Mulberry, Arkansas; R. LIMBOCKER,
Policeman, City of Mulberry, Arkansas;
JOHN DOE NO. 1, City of Mulberry Policy Officer;
JOHN DOE NO. 2, City of Mulberry Police Officer;
JOHN DOE NO. 3, Tow Truck Operator               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action against Defendants asserting a cause of action under 42 U.S.C. § 1983 and concerning events surrounding his arrest on August 1, 2005. Plaintiff alleges that Defendants violated the Fourth Amendment to the United States Constitution as Separate Defendant Officer Limbocker arrested Plaintiff outside his jurisdiction and in violation of state law. Currently before the Court are Plaintiff's Motion for Partial Summary Judgment (Doc. 6) and Separate Defendants' Motion for Summary Judgment (Doc. 21).

On August 1, 2005, Plaintiff was stopped for speeding on Interstate 40 by Separate Defendant Robert Limbocker, a police

officer for the City of Mulberry. Officer Limbocker was driving a marked City of Mulberry police vehicle and wearing the City's uniform. At some point, two other officers appeared on the scene. According to Defendants, they were a Crawford County deputy sheriff and a police officer for the City of Alma. One of the officers walked around the perimeter of Plaintiff's vehicle with a canine, and Officer Limbocker arrested Plaintiff for reckless driving. Officer Limbocker inventoried Plaintiff's vehicle and requested a tow truck to impound Plaintiff's vehicle. Plaintiff was taken to the Crawford County Detention Facility in Van Buren where he posted a bond and paid a "service fee". Plaintiff was then taken to the impound lot and paid $100 to retrieve his vehicle. The reckless driving citation was eventually *nolle prossed*, and Plaintiff's bond returned to him.

**Summary Judgment Standard**

In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party. Further, the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).

AO72A
(Rev. 8/82)

### Official-Capacity Claims

The claims against Jeff Marvin, Jeff Brown, Jack Stewart, Raylene Adams, Dottie Goodnoh, Larry Starkey, David Moody, Betty Bowlin and Robert Limbocker in their official capacities are deemed to be the identical claims made against the City of Mulberry. Accordingly, these claims are dismissed as redundant. *see Johnson v. Outboard Marine Corp.*, 172 F.3d 531 (8th Cir. 1999); *Liebe v. Norton*, 157 F.3d 574, 578-79 (8th Cir. 1998).

### John Doe Claims

As Plaintiff has provided no proof that these defendants were ever served with process, the Court dismisses Plaintiff's Complaint against John Doe No. 1, John Doe No. 2 and John Doe No. 3 without prejudice.

### Separate Defendants' Motion for Summary Judgment

In light of the above findings, the remaining defendant is the City of Mulberry (the City). Under Section 1983, a municipality can be held liable for the unconstitutional acts of its employees if a municipal policy or custom was the moving force behind the constitutional violation. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff argues that it was customary for the City to permit its officers to patrol Interstate 40 in violation of Arkansas law. The City maintains that Officer Limbocker had jurisdiction to patrol the interstate, but also contends Plaintiff cannot show it had a policy or custom of

permitting such activity.[1]

The City contends that Officer Limbocker had jurisdiction to stop and arrest Plaintiff as he was also a Franklin County deputy sheriff. The City cites *Gritts v. State*, 864 S.W.2d 859 (Ark. 1993) in support of its contention. However, *Gritts* is distinguishable from the facts in this case. In *Gritts*, the Arkansas Supreme Court found that a deputy sheriff employed by a planned community property owner association had jurisdiction to arrest within the county even if outside the community. *Id*. However, the court's decision was based upon Ark. Code Ann. § 14-15-503 which specifically provided for the exercise of all their powers as deputy sheriffs "while in the course of their employment for planned community property owner improvement districts." *Id*. The statute does not apply to deputy sheriffs in the course of their employment as municipal police officers as is the case here. Further, the legislature could have easily expanded the statute to cover such an instance had that been its intent.

The City also contends that Plaintiff's claim must fail as he has not shown the City had a policy or custom of allowing its officers to patrol the interstate in violation of Arkansas law. Plaintiff may establish municipal liability with proof that the alleged misconduct was so pervasive among the non-policy making

---

[1] The City also contends that Officer Limbocker did not violate Ark. Code Ann. § 12-8-106 as "the statute fails to define its own parameters...". The Court finds this argument to be without merit.

AO72A
(Rev. 8/82)

employees of the municipality "as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 690-91. Liability for an unconstitutional custom or usage, however, cannot arise from a single act. *Wedemeier v. City of Ballwin*, 931 F.2d 24 (8th Cir. 1991).

Plaintiff has provided the Court with numerous arrest reports purporting to show that it was customary for the City to permit its officers to patrol and make arrests on Interstate 40. The City contends that Plaintiff's evidence is inadmissible hearsay and should not be considered by the Court. However, in his deposition, Officer Limbocker was questioned about some of the arrest reports. He admitted that he and other officers had patrolled Interstate 40 in the past. (Doc. 18, Ex. 1, pp. 6-11). Officer Limbocker further testified that he was unaware of any law prohibiting municipal officers from patrolling the interstate and that no one in a position of authority with the City had ever told him that he could or could not patrol the Interstate. (Doc. 18, Ex. 1, p. 10). However, the Mulberry Police Department had requested and been denied permission from the Arkansas State Police to patrol the interstate - a fact that the City admits. (Doc. 16, ¶ 20 & Doc. 28, Exs. 2-3).

The City also contends that even if it violated state law by patrolling the interstate, that fact in and of itself does not establish a constitutional violation. The Court agrees. An arrest

by a state actor that is not authorized by state law is actionable under §1983 as a seizure contrary to the Fourth Amendment. *See Cole v. Nebraska State Board of Parole*, 997 F.2d 442 (8th Cir. 1993) *citing Bissonette v. Haig*, 800 F.2d 812 (8th Cir. 1986). However, some jurisdictions have concluded that an arrest in violation of state law is a *per se* violation of the Fourth Amendment while others view the state law violation as a factor to be considered in determining whether the conduct rises to the level of a constitutional violation.

In *Abbott v. City of Crocker*, 30 F.3d 994 (8th Cir. 1994), the Eighth Circuit Court of Appeals held that the fact that an officer had no authority to arrest outside of the city limits did not establish as a matter of law that the arrest constituted a violation of the Fourth Amendment. However, in *Abbott*, the Court acknowledged some inconsistency in our circuit. *See, e.g. Bissonette, supra*, [Although "[a] search authorized by state law could still be constitutionally invalid, ...a search unauthorized by state law would ipso facto violate the Fourth Amendment."]; *Cole, supra*, ["An arrest by a state actor that is not authorized by state law is actionable under §1983 as a seizure contrary to the Fourth Amendment." (citing *Bissonette*)]; *Brock v. Logan County Sheriff's Department of Arkansas*, 3 F.3d 1215, 1216 (8th Cir. 1993)(per curiam)(citing *Bissonette* and *Cole*). However, it appears that the best approach is to consider the state law violation as a

AO72A
(Rev. 8/82)

factor in determining whether a search or seizure is unreasonable and, therefore, in violation of the Fourth Amendment. Accordingly, the question is then whether Plaintiff's arrest was reasonable.

State law may be relevant in determining what is reasonable under the Fourth Amendment. In this case the evidence is that the City was aware that Ark. Code Ann. § 12-8-106(h) prohibited their officers from patrolling the interstate without authorization from the Director of the Department of Arkansas State Police. In fact, the City requested authorization prior to and subsequent to the filing of this lawsuit. (Doc. 16, ¶ 20 & Doc. 28, Exs. 2-3). The fact that Officer Limbocker was also a county deputy and his testimony that he was not aware of the prohibition is of no consequence. It is clear that Officer Limbocker was acting in his capacity as a Mulberry municipal police officer at the time of Plaintiff's arrest. Further, the City should not be allowed to circumvent state law by ensuring that their officers are also employed as county deputies. While the Court does not believe that this state law violation *ipso facto* creates a violation of the Fourth Amendment the circumstances create a material issue of fact as to whether the City violated Plaintiff's constitutional rights.

### Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves the Court to grant summary judgment on the issue of liability as Officer Limbocker was without jurisdiction to stop and arrest Plaintiff and the City had a habit and practice of

patrolling Interstate 40. For the reasons reflected within this opinion, Plaintiff's Motion is DENIED as there are genuine issues of material fact as to whether Plaintiff's arrest was objectively reasonable under all of the circumstances, to include whether Officer Limbocker lacked authority under state law to make the arrest and whether the City had a policy or custom of patrolling Interstate 40 in violation of Arkansas law.

**Conclusion**

While the City could ultimately prevail at trial, the Court finds that genuine issues of material fact exist precluding summary judgment including, but not limited to, whether Plaintiff's Fourth Amendment rights were violated and, if so, whether a municipal policy or custom was the moving force behind the violation. Plaintiff's Motion and Defendants' Motion are DENIED. Plaintiff's claims against Separate Defendants Jeff Marvin, Jeff Brown, Jack Stewart, Raylene Adams, Dottie Goodnoh, Larry Starkey, David Moody, Betty Bowlin and Robert Limbocker in their official capacities are DISMISSED WITH PREJUDICE. Plaintiff's claims against John Does 1-3 are DISMISSED WITHOUT PREJUDICE. Plaintiff's claims against the City of Mulberry will proceed to trial as scheduled on January 22, 2007.

/s/ Robert T. Dawson  
Honorable Robert T. Dawson  
United States District Judge

AO72A  
(Rev. 8/82)